Case 2:05-cv-01588-FCD-JFM   Document 4   Filed 09/20/05   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ROUSAY,

    Plaintiff,                      No. CIV S-05-1588 FCD JFM PS

    vs.

VICE PRESIDENT CHENEY,
PRESIDENT BUSH, et al.,

                                  ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
5  490 U.S. at 327.

6  A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &
9  Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer
10 v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

15 Plaintiff appears to seek deferment from U.S. military service for his five children,
16 four of which he admits are married, and one of which is single.  (Complaint at 2.)  Military
17 service in the United States is not required.  Therefore, there is no relief which can be granted in
18 an action for deferment.  Moreover, as it appears most if not all of plaintiff's children are adults,
19 the question of military service is one to be decided by plaintiff's children.  Plaintiff does not
20 have standing to pursue an action of this sort on their behalf.

21 In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
22 to proceed in forma pauperis is granted; and

23 IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

24 These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: September 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

10 /rousay.fr